## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **NOCO COMPANY, INC.,** | ) | **CASE NO. 1:17CV2205** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **SHENZHEN ANBAND TECHNOLOGY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

 This matter comes before the Court upon the Motion (ECF DKT #5) of Plaintiff,

NOCO Company, Inc., ("NOCO") for Leave to Serve Defendant through Alternative Means.

For the following reasons, the Motion is granted.

### Facts

 On October 19, 2017, Plaintiff filed its lawsuit against Defendant for patent

infringement of Plaintiff's patented safety features in the compact lithium jump starters.

(ECF DKT #5, at 3). Defendant is a Chinese company that sells its allegedly infringing

product through Amazon and the Anband Website. (ECF DKT #5, at 4). Before initiating its

suit, Plaintiff attempted to ascertain a physical address, email address or other contact

information by searching Defendant's website, Amazon, the United States Patent and Trademark Office (the "USPTO"), ICANN's WHOIS database (information about the registration of a domain name), various social media platforms, including Google and Facebook, all to no avail.  (ECF DKT #5, at 4).

Plaintiff attempted physical and electronic service of the Waiver of Service of Summons and Complaint.  The only physical address provided is on Defendant's website, but the address is incomplete.  (ECF DKT #5, at 4).  Plaintiff still tried to create a FedEx shipping label to that incomplete address, but the FedEx system indicated that the address contained "missing or invalid details."  (ECF DKT #5, at 4).  Plaintiff obtained two more incomplete addresses and using all three addresses created a "best guess" address for Defendant.  Plaintiff delivered a Waiver Package to that address on November 2, 2017.  (ECF DKT #5, at 5).  On October 30, 2017, Plaintiff sent the Waiver Package to Defendant via email at Defendant's email address. Also, Plaintiff sent a message to Defendant through Amazon's Message Center, notifying Defendant about the lawsuit.  These electronic messages were sent and did not "bounce back."  (ECF DKT #5, at 5).  Plaintiff tried to contact individuals and entities associated with Shenzhen Anband about obtaining Defendant's address, all to no avail as well.  (ECF DKT #5, at 5-6).

As of January 2, 2018, no response had been received.  Therefore, on January 10, 2018, NOCO sent messages to Defendant's company website, Amazon's Message Center, and Anband's email address, all of which were successfully relayed.  (ECF DKT #5, at 6).  NOCO also attempted calling Defendant, but could not get a response.  (ECF DKT #5, at 6).  Plaintiff, therefore, asks leave of Court to serve Defendant by electronic service to Shenzhen

Anband by email and through Amazon's Message Center.

## Law and Analysis

## I.      Serving a Corporation and an Individual in a Foreign Country

Federal Rule of Civil Procedure 4(h) governs service of a corporation, partnership or

association and reads:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P 4(f) governs service on foreign parties.  Rule 4(f) reads:

## Serving an Individual in a Foreign Country.

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:
(i) delivering a copy of the summons and of the complaint to the individual personally; or
(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

The preferred method for service of a foreign party is service pursuant to the methods authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  Fed.R.Civ.P. 4(f)(1).  "The Hague Convention is the exclusive method of effecting service between signatories to the convention."  *Midmark Corp. v. Janak Healthcare Private Ltd.,* No. 3:14 CV 088, 2014 WL 1764704, at \*1 (S.D. Ohio May 1, 2014) (citing *Kreimerman v. Casa Veerkamp S.A. de C. V.*, 22 F.3d 634, 643–44 (5th Cir.1994)).  Both China and the USA are signatories to the Hague Convention.  *Lexmark Intern., Inc. v. Ink Technologies Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D.Ohio 2013).

Rulings on alternative service of process under Federal Rule of Civil Procedure 4(f)(3) are discretionary since "the plain language of the rule stipulates that a district court 'may' direct alternative means of service." *Prewitt Enter., Inc. v. Organization of Petroleum Exporting Countries,* 353 F.3d 916, 921 (11th Cir.2003); *C & F Systems, LLC v. Limpimax, S.A.,* 2010 WL 65200, \* 1–3 (W.D.Mich.2010).  "A district court, in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiff to show that they have 'reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake

-4-

methods of service that are unduly burdensome or that are untried but likely futile.'"

*Midmark* at *1, quoting *FMAC Loan Receivables v. Dagra,* 228 F.R.D. 531, 534 (E.D.Va.2005).

"Even if service by alternative means is appropriate under the Convention, service must still satisfy due process under the Constitution of the United States." *Midmark* at *1, citing *Lexmark Intern.,* 295 F.R.D. at 261 (citing Fed.R.Civ.P. 4, Advisory Committee Note to Subdivision (f)(3)) ("Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law.").

There is no evidence that Plaintiff has attempted to serve Defendants by the methods described in the Hague Convention. However, the Hague Convention does not apply when the address of the person to be served is unknown. *Art 1 Hague Convention* 20 U.S.T. 361 1969 WL 97765 (1969). Furthermore, federal courts have repeatedly found that email service is not prohibited by the Hague Convention. *See Medical Protective Co. v. Center for Advanced Spine Technologies, Inc.* No. 1:14CV005, 2014 WL 12653861 *2 (S.D. Ohio Jan.13, 2014). In light of Plaintiff's good faith efforts to serve Defendant via both physical, through "best guess" packages, and electronic means, the Court grants Plaintiff's Motion and orders Plaintiff to serve Defendant via the Shenzhen email address and through Amazon's Message Center. The Court also orders Plaintiff to comply with Fed.R.Civ.P. 4 by providing proof of service once service is completed by the above approved means.

**Conclusion**

For the foregoing reasons, the Court grants the Motion (ECF DKT #5) of Plaintiff NOCO Company, Inc. because Plaintiff has exhausted all other means consistent with due process to serve Defendant.

**IT IS SO ORDERED.**


**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  March 19, 2018**